# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM DOMITROVICH, by and )
through his designated appointed )       Civil Action No. 18-1403
representative, wife, JoAnn Domitrovich, )
)                                        Judge Marilyn J. Horan
   Plaintiff, )
)
  v. )
)
AETNA, INC.; ALEX AZAR, Secretary of )
HHS; SCOTT BRADY, U.S. Attorney; )
and JEFF SESSIONS, Attorney General, )
)
   Defendants. )

## OPINION AND ORDER

In October 2018, pro se Plaintiff William Domitrovich, by and through his wife and

appointed representative, JoAnn Domitrovich (hereinafter "Plaintiff"), filed suit against

Defendants Aetna, Inc.; Alex Azar, Secretary of Health and Human Services; Scott Brady,

United States Attorney for the Western District of Pennsylvania; and Jeff Sessions, then-Attorney

General. (ECF Nos. 1, 6). Plaintiff's Complaint requests judicial review of the Department of

Health and Human Services' final administrative decision to deny Medicare Part D coverage for

an over-the-counter magnesium supplement. (ECF No. 6). In response, on February 20, 2019,

Defendants Azar, Brady, and Sessions filed a Motion to Dismiss, for lack of jurisdiction and for

failure to state a claim. (ECF Nos. 12, 13). On March 22, 2019, Defendant Aetna also filed a

Motion to Dismiss, for lack of jurisdiction; for lack of personal jurisdiction, or in the alternative,

for failure to prosecute; and for failure to state a claim. (ECF No. 16, 18). The parties have

briefed the Motions, (ECF Nos. 13, 15, 18, 19, 20, 23), and the Motions are now ripe for

decision. Based on the following, both Motions to Dismiss will be granted.

# I. Factual Background

Plaintiff has been diagnosed with Gitelman's Syndrome and 17Q12 deletion syndrome, genetic disorders from which Plaintiff suffers a kidney wasting disease. (ECF No. 6, at 1, 4). Plaintiff states that only four other people in the world share his diagnosis. *Id.* at 1. To treat his condition, Plaintiff needs to take an oral magnesium supplement called Maginex, without which "[i]t is well documented that [he] will die." *Id.* At the time of the Complaint, Plaintiff was receiving supplemental magnesium through intravenous (IV) infusions, administered at home by his wife. *Id.* at 4. Plaintiff estimates that without the IV infusions, he would require eight Maginex capsules daily. *Id.* Plaintiff states that the cost of the Maginex "would not exceed [$]70.00 per month," *id.* at 5, or $840.00 per year.

Plaintiff currently receives Medicare benefits, administered on behalf of the United States Government by Defendant Aetna, Inc. *See id.* at 4. Plaintiff applied for Medicare Part D coverage for Maginex, but his application was denied. *See id.* at 1. Plaintiff appealed the adverse decision all the way through the multi-level administrative review process, and received unfavorable decisions at each step. (ECF No. 6, at 1–2; *see also* ECF No. 6-12; ECF No. 6-5; ECF No. 6-7). Plaintiff states that at each level of review, the deciding entity "always ended their discussion that medical necessity of [Maginex] was never an issue in this case." (ECF No. 6, at 4). Plaintiff attached several exhibits to his Complaint, including the decision letters from the latter stages of the administrative review process. (ECF No. 6-12; ECF No. 6-5; ECF No. 6-7). Each decision letter showed that the decision to deny Part D coverage was based on the Medicare statute's express exclusion of vitamins and minerals, and that medical necessity could not be considered. (ECF No. 6-12; ECF No. 6-5; ECF No. 6-7). For example, the letter from the Medicare Appeals Council, the last step in the administrative review process, explained that

"medical need, even when supported by genetic testing, is not a relevant consideration in this case. . . . Even drugs that are clinically necessary and effective are not a Medicare Part D benefit if they do not meet the legal definition of a covered Medicare Part D drug." (ECF No. 6-7, at 5). For Plaintiff, however, medical necessity "is what the case and appeal has always been concerned with." (ECF No. 6, at 4). Plaintiff emphasizes throughout the Complaint that he needs supplemental magnesium to survive. (ECF No. 6, at 1–2, 4–5).

The Medicare Appeals Council's decision letter also informed Plaintiff that if he "desire[d] court review of the Council's decision and the amount in controversy is $1,600 or more," he could file a complaint in the United States District Court. (ECF No. 6-7, at 1). The letter further stated that "the complaint should name the Secretary of Health and Human Services as the defendant," and that the complaint must be served on the defendant Secretary, as well as the United States Attorney for the district in which the complaint is filed and the Attorney General of the United States. *Id.* at 2.

On October 19, 2018, Plaintiff filed his Complaint, along with a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1). The Court denied Plaintiff's Motion, after which Plaintiff paid the filing fee; the Complaint was then docketed on November 29, 2018. (ECF No. 6). The Complaint named as defendants Alex Azar, the Secretary of Health and Human Services; Scott Brady, the United States Attorney for the Western District of Pennsylvania; Jeff Sessions, the United States Attorney General at the time; and Aetna, Inc. *Id.* Plaintiff alleges in the Complaint that "Aetna and Medicare is guilty of insurance based discrimination in my health care coverage by denying me access to the appropriate and ethical drug and care." *Id.* at 6. Plaintiff also states, "I am appealing to the courts to grant me the medical exception to the oral magnesium supplements of Maginex to prevent these unprincipled practices that Aetna and Medicare are subjecting me to." (ECF No. 6, at 5).

On December 11, 2018, this Court issued a Service Order in which it directed the United States Marshal to "serve a copy of the complaint, notice and request for waiver of service of summons, waiver of service of summons and this Order to each defendant, as directed by plaintiff." (ECF No. 8, at 1). At Plaintiff's direction, Defendants Azar, Brady, and Sessions were served by mail, (ECF Nos. 10, 11), but the record does not indicate that Plaintiff directed the Marshal to serve Defendant Aetna. On February 20, 2019, Defendants Azar, Brady, and Sessions filed a Motion to Dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 12, 13). On March 22, 2019, Defendant Aetna also filed a Motion to Dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1); for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or in the alternative, for failure to prosecute under Federal Rule of Civil Procedure 41(b); and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16, 18).

## II. Standard of review

A United States District Court "has jurisdiction over an appeal taken from a final, reviewable decision of the Secretary made after a hearing in a Medicare case," *Tucker v. Sec'y of HHS*, 487 Fed. App'x. 52, 54 (3d Cir. 2012), such as a decision made by the Medicare Appeals Council, 42 C.F.R. §§ 423.1974, 423.2100–2130. In considering an appeal of the Secretary's final decision, the district court "ha[s] no fact-finding role," *Ambulatory Anesthesia of N.J., P.A. v. Leavitt*, 2007 U.S. Dist. LEXIS 13355, at *15 (D.N.J. Feb. 27, 2007) (quoting *Grant v. Shalala*, 989 F.2d 1332, 1337 (3d Cir. 1993)), and "must not conduct a de novo review . . . or re-weigh the evidence of record," *Reg'l Human Servs. v. Sebelius*, 2011 U.S. Dist. LEXIS 145328, at *31 (M.D. Pa. Sept. 7, 2011). The court's review "is limited to determining whether the

Secretary's decision is 'supported by substantial evidence.'" *John Balko & Assocs. v. Sebelius*, 2012 U.S. Dist. LEXIS 183052, at *12 (W.D. Pa. Dec. 28, 2012) (quoting 42 U.S.C. § 405(g)); *see also Reg'l Human Servs. v. Sebelius*, 2011 U.S. Dist. LEXIS 145328, at *30 (M.D. Pa. Sept. 7, 2011) (noting that the Medicare Act "expressly provides for limited judicial review of the Secretary's final decision over Medicare claims"). However, "[e]ven if the Secretary's factual findings are supported by substantial evidence," the district court's review of the Secretary's decision "is plenary as to the Secretary's application of the relevant law." *Tucker v. Thompson*, 2006 U.S. Dist. LEXIS 336, at *6 (D.N.J. Jan 9, 2006).

### III. Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)

In their respective Motions to Dismiss, Defendants Azar, Brady, and Sessions (collectively, "the government Defendants") and Defendant Aetna argue that the Complaint must be dismissed for lack of jurisdiction under Rule 12(b)(1) because Plaintiff alleged facts showing that Plaintiff's claim does not meet the amount in controversy required by 42 U.S.C. § 1395w-104(h)(1) and 42 C.F.R. § 423.1976. (ECF No. 13, at 1, 8–9; ECF No. 18, at 1, 4–5). Defendant Aetna also contends that there is no subject matter jurisdiction over the claim against it because it is entitled to sovereign immunity. (ECF No. 18, at 5).

#### A. Legal standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the court's "[j]urisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things." *Subject Matter Jurisdiction*, *Black's Law Dictionary* (10th ed. 2014). In other words, "a court's subject-matter jurisdiction is its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553,

560 (2017). The plaintiff has the burden of establishing that the court has subject matter jurisdiction, *Reg'l Med. Transp., Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718, 725 (E.D. Pa. 2008), and the defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

In a facial challenge, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If the court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In a factual challenge, however, the plaintiff's factual allegations are not presumed to be true, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268.

Lastly, even if the defendant does not mount a challenge under Rule 12(b)(1), the court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Hartig Drug Co.*, 836 F.3d at 267.

B. Discussion

*i. Plaintiff's claim does not meet the amount in controversy*

In the context of Medicare appeals, a United States District Court's subject matter jurisdiction is defined, in part, by a requirement that the plaintiff meet or exceed an amount in controversy of $1,600. 42 C.F.R. § 423.1976; 82 Fed. Reg. 45,593 (Sept. 29, 2107). Here,

Defendants raise a facial challenge as to subject matter jurisdiction, arguing that Plaintiff does not allege that he meets the amount in controversy, and in fact, pleads facts establishing that he cannot meet the amount in controversy. (ECF No. 13, at 6; ECF No. 18, at 4–5). Accepting the facts alleged in Plaintiff's Complaint as true, this Court agrees with Defendants. The only allegation in the Complaint pertaining to the amount in controversy states simply that the expected cost of the magnesium supplement will not exceed $70 per month. (ECF No. 6, at 5). At that price, the yearly cost would be $840, well below the required amount in controversy of $1,600.

In response to Defendants' Motions, Plaintiff argues that his claim "was based on a price from Amazon and was an estimate for the oral medication for the month while being supplemented by Magnesium IV solutions," and that "Aetna's cost would be significantly more since Maginex would have to be purchased from Akorn Pharmaceuticals." (ECF No. 15, at 2; ECF No. 19, at 3). The government Defendants counter this, stating that despite having the burden of persuasion to show that there is subject matter jurisdiction, "Plaintiff has presented no evidence to support his assertions." (ECF No. 22, at 3). Defendant Aetna also states a similar argument in its reply. (ECF No. 20, at 2). Again, this Court agrees with Defendants. In addition to failing to plead necessary facts in the Complaint to establish this Court's subject matter jurisdiction, Plaintiff fails to support, with evidence, the assertions he makes in his brief regarding the amount in controversy. As a result, Plaintiff has not met his burden of establishing subject matter jurisdiction.

Lastly, Plaintiff also states that since the time his Complaint was filed, the cost of his supplemental magnesium needs has gone up to $140 per month, (ECF No. 15, at 4; ECF No. 19, at 4), for a total of $1,680 per year. Unfortunately, however, this Court cannot consider changes

in Plaintiff's circumstances, because the role of this Court is to review the Secretary's final decision, made by the Medicare Appeals Council, not to engage in post-decision fact-finding.

In summary, because Plaintiff has not met his burden to establish that this Court has subject matter jurisdiction over his claim, and, in fact, Plaintiff states facts in his Complaint that, taken as true, establish that the amount in controversy was below the $1,600 threshold at the time of the Medicare Appeals Council's decision, this Court has no authority to hear Plaintiff's claims and the Complaint must be dismissed.

### ii. Defendant Aetna is protected by sovereign immunity

Lastly, Defendant Aetna argues that it should be entitled to sovereign immunity because it provides Medicare benefits on behalf of the United States government. (ECF No. 18, at 5). Sovereign immunity is the principle that "'[t]he government is not liable to suit unless it consents thereto, and its liability in suit cannot be extended beyond the plan language of the statute authorizing it.'" *Tucker v. Hargan*, 2018 U.S. Dist. LEXIS 42344, at *2 (D.N.J. Mar. 14, 2018) (quoting *Price v. United States*, 174 U.S. 373, 375–76 (1899)). In other words, the federal government cannot be sued unless it waives its sovereign immunity or consents to being sued. *Id.* And, if the federal government waives immunity, the waiver "must be unequivocally expressed in statutory text," and the language of the waiver "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) ("Limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.").

In the Medicare Act, Congress provided only a limited waiver of sovereign immunity, conditioned on several elements. *See Southern Rehab. Group, P.L.L.C. v. Sec'y of HHS*, 732 F.3d 670, 678 (6th Cir. 2013). Relevant here, the Medicare Act and its implementing regulations

provide that once a Medicare claimant has met the necessary requirements to seek judicial review in federal court, he is limited to bringing suit against only the Secretary of Health and Human Services. 42 U.S.C. §§ 1395w-104,1395ff; 42 C.F.R. § 423.2136(d). Sovereign immunity as to "the United States or . . . any agency, officer, or employee of the United States other than the Secretary" has not been waived. 42 C.F.R. § 423.2136(d)(2); *see also Guntz v. Pennsylvania Blue Shield*, 1991 U.S. Dist. LEXIS 261, at *6 (E.D. Pa. Jan 4, 1991) (dismissing claims against a Medicare carrier because the carrier was "acting in its capacity as an agent of the United States" and claims against it were barred by sovereign immunity).

Pursuant to the provisions of the Medicare Act and its implementing regulations, a private insurance provider may seek approval to become a prescription drug plan sponsor, which administers Medicare Part D benefits on behalf of the federal government. *See* 42 U.S.C. § 1935w-111; 42 C.F.R. § 423.251 *et seq.* Defendant Aetna is a private entity that provides Medicare benefits on behalf of the federal government, (ECF No. 6, at 4), and thus is a prescription drug plan sponsor. Accordingly, Defendant Aetna was acting in its capacity as an agent of the United States, who has not waived sovereign immunity, when it denied coverage of the supplemental magnesium. Plaintiff's claim against Defendant Aetna is therefore barred by sovereign immunity. Consequently, this Court has no subject matter jurisdiction over the claim against Defendant Aetna, and the claim must be dismissed.

## IV. Motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), or in the alternative, for failure to prosecute under Rule 41(b)

Next, the Court turns to Defendant Aetna's argument that the Court should dismiss the Complaint as it pertains to Defendant Aetna because Plaintiff did not serve Defendant Aetna with the Summons and Complaint. (ECF No. 16). Defendant Aetna argues that "Plaintiff's failure to serve Aetna in accordance with the Federal Rules of Civil Procedure ('Federal Rules') and this

Court's own order not only deprives this Court of personal jurisdiction over Aetna but also warrants sanctions in the form of dismissal for failure to prosecute under Federal Rule 41(b)." *Id.*

A. Legal standard

In order for a court to impose liability upon a defendant, the court must have personal jurisdiction over that defendant. *Parks v. Samuels*, 2015 U.S. Dist. LEXIS 139724, at *31 (M.D. Pa. Aug. 17, 2015) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)). Accordingly, under Rule 12(b)(2), the court may dismiss a complaint against a defendant for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The court obtains personal jurisdiction over the defendant through service of process—that is, service of the summons and complaint—in accordance with Rule 4. *Parks*, 2015 U.S. Dist. LEXIS 139724, at *31; *see also* Fed. R. Civ. P. 4. Simply showing that a defendant had notice of the claim is not sufficient. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). If the plaintiff fails to properly serve the defendant, and the defendant does not waive service, the court does not have personal jurisdiction and must dismiss the complaint against defendant. *See Mathies v. Silver*, 266 Fed. Appx. 138, 140 (3d Cir. 2008); *Wormack v. Shinseki*, 2012 U.S. Dist. LEXIS 126700, *10–11 (W.D. Pa. Sept. 6, 2012); Fed. R. Civ. P. 12(h)(1). Additionally, Rule 41(b) states that if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

If, however, "the plaintiff shows good cause for" his failure to properly serve a defendant within 90 days after filing the complaint, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause" in this context "has been defined as tantamount to 'excusable neglect.'" *Rice v. Sniezek*, 2012 U.S. Dist. LEXIS 119617, at *11

(M.D. Pa. Aug. 23, 2012). Therefore, "[i]nadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process." *Id.*

B. Discussion

Following the issuance of this Court's Service Order on December 11, 2018, (ECF No. 8), Plaintiff directed the United States Marshal to serve the Summons and Complaint on the government Defendants only. (ECF Nos. 10, 11). The record is devoid of any indication that Plaintiff directed the Marshal to serve Defendant Aetna. Plaintiff argues that because Defendant Aetna's counsel entered their appearances in this matter and filed a Motion to Dismiss, then Defendant Aetna has in fact been served. (ECF No. 19, at 8). However, the fact that Defendant Aetna had knowledge or notice of Plaintiff's claim does not excuse Plaintiff from following the Federal Rules of Civil Procedure and this Court's orders. Furthermore, Plaintiff offers no explanation for his failure to serve Defendant Aetna, much less any reason that might rise to "excusable neglect." Therefore, this Court concludes that Plaintiff has not shown good cause to extend the time for service.

In sum, Plaintiff did not serve Defendant Aetna within the allotted time frame, nor has he shown good cause to extend time for service. As a result, this Court does not have personal jurisdiction over Defendant Aetna, and Defendant Aetna must be dismissed.

**V. Motions to dismiss for failure to state a claim under Rule 12(b)(6)**

Defendants next argue that even if this Court had subject matter jurisdiction over Plaintiff's claim and personal jurisdiction over Defendant Aetna, the Complaint should nevertheless be dismissed for failure to state a claim. (ECF Nos. 12, 16). Specifically, Defendants argue that all Defendants except Defendant Azar, as the Secretary of Health and

Human Services, must be dismissed because Defendant Azar is the only proper defendant. (ECF No. 13, at 10; ECF No. 18, at 6).

## A. Legal standard

In deciding a motion to dismiss a complaint under Rule 12(b)(6), a court must first "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (internal quotations omitted). The court then must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* A complaint is sufficient only when it is facially plausible, meaning that the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To be plausible on its face, the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements." *Id.* The court need not "accept unsupported conclusions and unwarranted inferences." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

## B. Discussion

Defendants argue that Defendant Azar is the only proper defendant. (ECF No. 13, at 10; ECF No. 18, at 6). Section 423.2136 of Title 42 of the Code of Federal Regulations lays out the requirements for seeking judicial review of a Medicare prescription drug benefit decision. 42 C.F.R. § 423.2136. Subsection (d) states that the proper defendant in such an action is "the Secretary of HHS, in his or her official capacity." 42 C.F.R. § 423.2136(d)(1). This subsection also refers to "the United States or . . . any agency, officer, or employee of the United States other than the Secretary" as "an incorrect defendant." 42 C.F.R. § 423.2136(d)(2). Accordingly, courts have held that "the Secretary is the *only* proper defendant to an action of this nature."

*Woodfill v. Sebelius*, 2013 U.S. Dist. LEXIS 69273, at *10 n.4 (N.D. Ohio Mar. 25, 2013)

(emphasis added), *report & recommendation adopted by Woodfill v. Sec'y of HHS*, 2013 U.S.

Dist. LEXIS 69118 (N.D. Ohio May 15, 2013); *see also Madsen v. Kaiser Found. Health Plan,*

*Inc.*, 2009 U.S. Dist. LEXIS 46122, at *9 (S.D. Cal. June 2, 2009) (holding that the defendant

health plan was not a proper defendant, and granting the plaintiff leave to amend his complaint to

name the Secretary of Health and Human Services as the sole defendant).

     Here, although Plaintiff filed suit against the proper defendant, Defendant Azar, Secretary

of Health and Human Services, Plaintiff also filed suit against others—a United States Attorney,

the then-United States Attorney General, and an entity responsible for providing Medicare

benefits on behalf of the United States government—who are expressly excluded from being

defendants by the relevant regulations. Therefore, the Court cannot find Defendants Brady,

Sessions, and Aetna "liable for the misconduct alleged," and the claim against them must be

dismissed in accordance with Rule 12(b)(6).

## VI. Conclusion

     THEREFORE, based on the foregoing, both Motions to Dismiss (ECF Nos. 12, 16) are

GRANTED, and Plaintiff's Complaint is hereby DISMISSED.

IT IS SO ORDERED.

DATE ___May 13, 2019___

                                        Marilyn J. Horan
                                        United States District Judge